**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRILL SWIFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| MARK SALSBERRY, Illinois | ) | |
| Department of Corrections Parole | ) | Case No. |
| Officer; DENNY CLOUSE; | ) | |
| MARSHON CONRAD; | ) | |
| ALYSSA WILLIAMS-SCHAFER, Illinois | ) | |
| Department of Corrections Coordinator | ) | |
| for Sex Offender Services, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff TERRILL SWIFT, by his undersigned attorneys, for his complaint against

Defendants MARK SALSBERRY, Illinois Department of Corrections Parole Officer in DuPage

County; MARSHON CONRAD; DENNY CLOUSE; and ALYSSA WILLIAMS-SCHAFER

Illinois Department of Corrections Coordinator for Sex Offender Services, alleges as follows:

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation

under color of law of Plaintiff's rights as secured by the Fourth, Fifth, and Fourteenth

Amendments to the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is

proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims

asserted in this complaint occurred in this judicial district.

**PARTIES**

3.      Plaintiff Terrill Swift is a citizen of the Northern District of Illinois. In May 1998, he was wrongfully convicted of murder and aggravated criminal sexual assault. He served over 15 years in prison for that offense and is currently on parole as a sex offender and subject to the jurisdiction of the Illinois Department of Corrections.

4.      Defendant Mark Salsberry is a parole officer employed with the Illinois Department of Corrections in DuPage County. At the time of the events giving rise to this case, Salsberry was assigned to serve as Plaintiff's Parole Officer.

5.      Defendant Marshon Conrad is a polygraph examiner who provides polygraph services to the State of Illinois Department of Corrections on a contract basis. Pursuant to her contract, Conrad routinely administers polygraph examinations to paroled sex offenders under the auspices of the Illinois Sex Offender Management Board Act, 20 ILCS 4026/1 *et seq*. (the "Sex Offender Management Act"), and the Illinois Parole Statute, 730 ILCS 5/3-3-7 (the "Parole Statute").

6.      Defendant Denny Clouse is a licensed clinical social worker and psycho-therapist, who provides counseling to paroled sex offenders under the auspices of the Sex Offender Management Act and the Parole Statute, pursuant to a contract for such services with the State of Illinois Department of Corrections.

7.      Defendant Alyssa Williams-Schafer is the Coordinator for Sex Offender Services in the Illinois Department of Corrections. Williams-Schafer ordered, approved, condoned, facilitated and/or turned a blind eye to the actions taken by defendants Salsberry, Clouse, and Conrad in this case.

2

8. Each of the government-employed defendants is sued in his or her individual capacity. Each government-employed defendant acted within the scope of his or her employment. All defendants acted under the color of the laws, regulations, and customs of the State of Illinois. All defendants' actions constituted "state action" as defined under federal law.

## ALLEGATIONS OF FACT

### Plaintiff's Wrongful Conviction and Release on Parole

9. On or about May 1, 1998, at the age of 17, Plaintiff was wrongfully convicted of the murder and aggravated criminal sexual assault of one Nina Glover and sentenced to serve a 30-year sentence in the Illinois Department of Corrections, followed by 36 months of mandatory supervised release (hereinafter referred to as "parole"). Plaintiff was and is innocent of that offense. He did not murder or sexually assault Ms. Glover.

10. Although Plaintiff has yet to be exonerated, he is actively attempting, through retained counsel, to gather evidence that will establish his innocence.

11. Plaintiff served the entirety of his wrongful sentence (with day for day good time credit) and was released on parole in May 2010 after 15 years and two months. Pursuant to the Sex Offender Management Act, the Parole Statute, and applicable regulations, Plaintiff, as a convicted sex offender, is subject to special conditions during his 36 months of parole.

### Sex Offender Parole in Illinois

12. Sex offenders serving a period of parole are required by statute to submit to an annual polygraph examination. 730 ILCS 5/3-3-7. Regulations promulgated under the Sex Offender Management Act require that convicted sex offenders also submit to additional "maintenance" polygraph examinations, and that they be found "non-deceptive" on all such examinations. 20 Ill. Adm. Code 1905.300(g). The regulations further require that the convicted

sex offender must "take full responsibility for all of his . . . sex offenses as indicated by polygraph." *Id.* An "inconclusive response" to any "relevant question" on the required polygraph "disallows a non-deceptive examination result." 20 Ill. Adm. Code 1905.20.

13. In addition, convicted sex offenders serving a period of parole are required to participate in "sex offender treatment conducted in conformance with the standards developed by the Sex Offender Management Act." 730 ILCS 5/3-3-7.5. *See also* 20 ILCS 4026/17. Pursuant to regulations promulgated under the Sex Offender Management Act, it is a requirement of this treatment that the offender acknowledge responsibility for the offense or offenses of which he or she has been convicted. 20 Ill. Adm. Code 1905.300(g).

14. Under the Parole Statute and pursuant to regulations promulgated under the Sex Offender Management Act (20 Ill. Adm. Code 1905.300), successful completion of the sex offender treatment described in the preceding paragraph is a requirement for successful completion of parole.

15. In the course of sex offender treatment, the Illinois sex offender parole authorities use polygraphs principally as a stratagem to cause parolees to admit to sex offenses either prior to or during the administration of the polygraph examination out of fear that their failure to make the admission will result in a finding of deception, which the offenders know will lead to revocation of their parole.

16. The defendants use these polygraph examinations knowing they are unreliable, inadmissible in court, and incapable of determining whether offenders' denials of past or current offenses are truthful.

**The Revocation of Plaintiff's Parole**

17.     Pursuant to the above requirements and practices, Plaintiff participated in sex offender treatment at all times following his release on parole until the events set forth below. Plaintiff's sex offender treatment was provided by Defendant Clouse.

18.     On or about July 4, 2010, Defendant Salsberry informed Plaintiff that he was to report to Defendant Conrad to be polygraphed concerning whether he had committed the criminal offense for which he was originally convicted, *i.e.,* the aggravated sexual assault and murder of Nina Glover.

19.     Prior to taking the polygraph examinations that are in issue in this case, Defendant Clouse informed Plaintiff, contrary to fact, that the polygraph results were to be used "for treatment purposes only," and that they would "not result in changes" to his sentence.

20.     On or about July 20, 2010, Plaintiff voluntarily submitted to his first polygraph examination with Defendant Conrad.  During the examination, Conrad asked Plaintiff whether he had been involved in the assault and murder of Nina Glovers.   Plaintiff truthfully denied that he murdered or sexually assaulted Nina Glover.

21.     Following the polygraph examination, Defendant Conrad prepared a report stating that the polygraph was "inconclusive."  Conrad submitted this finding to Defendants Salsberry and Clouse.  In light of the purportedly "inconclusive" result of this polygraph, Defendant Conrad also recommended that Plaintiff take another polygraph at her office.

22.     On or about August 19, 2010, Plaintiff submitted to a second polygraph, also conducted by Defendant Conrad.  Plaintiff again truthfully denied that he was guilty of the sexual assault and murder of Nina Glover.  Defendant Conrad prepared a second report stating

that his polygraph was "inconclusive". Conrad again submitted this finding to Defendants Salsberry and Clouse.

23. At no time did Defendant Conrad determine, report, or otherwise indicate that Plaintiff had failed his polygraph examinations, *i.e.,* that he had lied in response to Conrad's questioning.

24. Following Plaintiff's second polygraph, Defendant Salsberry prepared a Parole Violation Report, a copy of which is attached as Ex. A to this Complaint. The report stated that Defendant Clouse was refusing to provide any further sex offender treatment to Plaintiff because (a) Defendant Conrad had reported Plaintiff's polygraph results as "inconclusive;" and (b) Plaintiff was "unwavering" in the "denial of his offense." Defendant Salsberry charged Plaintiff with the following three "technical" violations of the conditions of his parole: (a) Plaintiff allegedly "fail[ed] to provide true and accurate information relating to [his] adjustment in the community while on parole"; (b) Plaintiff allegedly failed to "get into sex offender counseling"; and (c) Plaintiff allegedly failed to comply with the parole condition that he obtain sex offender counseling.

25. On September 15, 2010, Defendant Salsberry arrested Plaintiff at his home in DuPage County for violation of his parole and transferred him to Stateville Correctional Center.

26. Plaintiff was incarcerated for eight days at Stateville in the Northern Reception Center, a prison unit in which inmates are kept in solitary confinement. At no time during this period of incarceration did Plaintiff receive a copy of the Parole Violation Report, attached as Ex. A. At no time during this period of incarceration did Plaintiff receive a preliminary hearing to determine whether there was probable cause to revoke his parole. At no time during this period of incarceration did Plaintiff have the opportunity to meet with his retained counsel.

27.     Plaintiff was released from custody on September 23, 2010.  At that time, the Illinois Department of Corrections acknowledged to Plaintiff's retained counsel that the defendants had made a "mistake" in revoking Plaintiff's parole.

### PLAINTIFF'S DAMAGES

28.     Plaintiff has suffered serious injury as a direct and proximate result of the misconduct of the Defendants alleged in the preceding paragraphs.  Though Plaintiff committed no crime, and though he had been informed that he could not be revoked as a result of his polygraph results, Plaintiff nevertheless was forced to spend eight days in total isolation in a maximum security prison.  Plaintiff was punished merely for maintaining his innocence in the underlying offense.

29.     As a result of the Defendants' wrongful actions, Plaintiff was arrested, booked, and treated as a criminal, which caused Plaintiff to suffer shame, humiliation, and fear.  Upon his incarceration, unsure of when or even *whether* he would be released, Plaintiff believed he was facing another lengthy term of imprisonment.

30.     During his incarceration, Plaintiff was forced to miss work, a full-time job to which he commutes over five hours per day, which put in jeopardy his livelihood and means of self-support.

31.     Following his release, Plaintiff remains apprehensive that he will again be arrested and incarcerated, merely for asserting his innocence.  In this circumstance, Plaintiff can do nothing to ensure his continued freedom, and is subject solely to the arbitrary determinations of the Defendants as to whether he is allowed to stay out on parole.

## COUNT I
### Denial of Procedural Due Process under 42 U.S.C. § 1983

32. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count I.

33. This Count I is alleged against all named defendants.

34. Under settled United States Supreme Court authority, Plaintiff is entitled to due process of law in connection with the determination of whether to revoke his parole.

35. The defendants failed to afford Plaintiff adequate procedural due process when they revoked his parole on or about September 15, 2010 in one or more of the following ways:

    a. Prior to Plaintiff's submission to the polygraph examinations described above, the defendants failed to provide Plaintiff with notice that, if Defendant Conrad determined that he was not truthful on his polygraph examination or if she determined that the results were inconclusive, Plaintiff's parole would be revoked.

    b. The defendants concluded that Plaintiff had "failed to provide true and accurate information" without any evidence whatsoever to support that finding, in a manner that was both "arbitrary and capricious." No evidence available to the defendants suggested in any way that Plaintiff had been deceptive on either of the polygraph examinations described above.

    c. The defendants revoked Plaintiff's parole based upon the results of the polygraph examinations, even though they knew that such results are unreliable, inadmissible in court, and lacking any and all probative value.

    d. The defendants confined Plaintiff for a period of eight days without affording him (a) notice of the charges against him: (b) reasonable access to his retained counsel; and (c) a preliminary hearing to determine probable cause.

36.     As a direct and proximate result of the defendants' actions, Plaintiff was illegally deprived of his liberty and suffered damages.

## COUNT II
## Violation of the Fourth Amendment under 42 U.S.C. §1983

37.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count II.

38.     This Count II  is alleged against all named defendants

39.     The defendants violated Plaintiff's right to be free from unlawful search and seizure by facilitating, causing, and/or executing his arrest and imprisonment, without either probable cause or reasonable suspicion, as described above.

40.     As a direct and proximate result of the defendants' actions, Plaintiff was illegally subjected to false arrest and wrongful imprisonment, and suffered damages.

## COUNT III
## Civil Conspiracy under 42 U.S.C. § 1983

41.     This Count III  is alleged against all named defendants

42.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count III.

43.     The defendants and other co-conspirators not yet known to Plaintiff reached an agreement among themselves to deprive Plaintiff of his right to due process of law and subject him to illegal seizure, in violation of his constitutional rights, in the manner described above.

44.     In furtherance of this conspiracy, and as set forth in the complaint above, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

9

45.    As a direct and proximate result of the illicit agreement referenced above, Plaintiff's rights were violated and he suffered damages.

## COUNT IV
### State Law Claim for Civil Conspiracy

46.    This Count IV  is alleged against all named defendants

47.    Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count IV.

48.    As described more fully in the preceding paragraphs, the defendants and other co-conspirators not yet known to Plaintiff acted in concert with one another to accomplish an unlawful purpose by unlawful means.

49.    In furtherance of a conspiracy to deprive Plaintiff of his due process and right to be free from unlawful seizure, the defendants and other unknown co-conspirators committed overt acts and were otherwise willful participants in joint activity.

50.    The misconduct described above was undertaken with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

51.    As a direct and proximate result of the illicit agreement referenced above, Plaintiff's rights were violated and he suffered damages.

## COUNT V
### State Law Claim for False Arrest and Imprisonment

52.    This Count V  is alleged against all named defendants

53.    Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count V.

54.     The defendants violated Plaintiff's right to be free from false arrest and false imprisonment by facilitating, causing, and/or executing his arrest and incarceration, without either probable cause or reasonable grounds to believe that Plaintiff violated his parole.

55.     The misconduct described above was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

56.     As a direct and proximate result of the misconduct described above, Plaintiff's rights were violated and he suffered damages.

## COUNT VI
### State Law Claim for Intentional Infliction of Emotional Distress

61.     This Count VI is alleged against all named defendants

62.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count VI.

63.     The acts and conduct of the defendants as set forth above were both extreme and outrageous. The defendants intended to cause or were in reckless disregard of the probability that they would cause severe emotional distress to Plaintiff.

64.     The misconduct described above was undertaken with malice, willfulness, and reckless indifference to Plaintiff's rights.

65.     As a direct and proximate result of the misconduct described above, Plaintiff's rights were violated and he suffered damages.

WHEREFORE, Plaintiff Terrill Swift prays that this Court enter judgment in his favor and against Defendants Mark Salsberry, Denny Clouse, Marshon Conrad, and Alyssa Williams-Schafer, awarding compensatory damages, costs and attorneys' fees, and punitive damages against each of the defendants in their individual capacities; and for such further additional relief as this court may deem appropriate and just.

11

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

**TERRILL SWIFT**

By: /s/ Locke E. Bowman
One of his attorneys

Locke E. Bowman
Alexa Van Brunt
Roderick MacArthur Justice Center
Northwestern University School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-0844

Joshua Tepfer
Center on Wrongful Convictions of Youth
Northwestern University School of Law
375 East Chicago Avenue
Chicago, Illinois 60611
(312) 503-6298